**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Curtis Morrill,**
**Claimant Below, Petitioner**

**v.)**    **No. 23-461**    (JCN: 2021022067)
                             (ICA No. 22-ICA-198)

**Lifepoint Hospitals, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Curtis Morrill appeals the June 15, 2023, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Morrill v. Lifepoint Hosp., Inc.*, No. 23-ICA-198, 2023 WL 4029147 (W. Va. Ct. App. June 15, 2023) (memorandum decision). Respondent Lifepoint Hospitals, Inc., filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the Board of Review's order, which affirmed the decision of the Workers' Compensation Office of Judges.[2] In its order, the Office of Judges affirmed the claim administrator's denial of compensability for Mr. Morrill's claim arising out of his contraction of Covid-19.

On appeal, the petitioner argues that the ICA's decision is clearly wrong and should be reversed because the preponderance of the evidence establishes that he contracted Covid-19 in the

---

[1] The petitioner is represented by counsel Reginald D. Henry and Lori J. Withrow, and the respondent is represented by counsel Jane Ann Pancake and Jeffrey B. Brannon.

[2] The Board of Review decided the appeal of an order entered by the Office of Judges on April 22, 2022; this appeal was already pending at the Board of Review on June 30, 2022, when the West Virginia workers' compensation system underwent a significant restructuring. Despite the restructuring, the Board of Review was responsible for deciding this and "all remaining appeals filed with the Board of Review, of Office of Judges' decisions issued prior to June 30, 2022[.]" *See* W. Va. Code § 23-5-8b(e). The order entered by the Board of Review was then appealed to the ICA, which pursuant to West Virginia Code § 23-5-8b(d)(2), has exclusive jurisdiction over all final orders or decisions issued by the Board of Review after June 30, 2022. *See also* W. Va. Code § 23-5-15(a) (directing that prior statutory provisions allowing for appeals from Board of Review directly to Supreme Court of Appeals do not apply to any Board of Review decision issued after June 30, 2022).

course of and resulting from his employment pursuant to West Virginia Code § 23-4-1(f).[3] The respondent counters by arguing that the petitioner failed to establish a causal connection between the claimant's employment and his diagnosis of Covid-19.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166 (W. Va. April 22, 2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: September 23, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[3] West Virginia Code § 23-4-1(f), provides that no ordinary disease of life to which the general public is exposed outside of employment is compensable unless several factors are met. *See PrimeCare Med. of WV, Inc. v. Foster*, 247 W. Va. 590, 885 S.E.2d 171 (Ct. App. 2023).